United States District Court
Southern District of Texas
**ENTERED**
September 24, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANNON JOE CHAUNCEY, <br> (TDCJ #1888813) <br><br> Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN,[1] <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. 4:19-cv-2700 |

## MEMORANDUM OPINION AND ORDER

Shannon Joe Chauncey, a Texas state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2013 state-court conviction for murder. (Dkt. No. 1). Chauncey also filed a memorandum in support of his petition. (Dkt. No. 2). The respondent, Bobby Lumpkin, moves for summary judgment on the grounds that Chauncey's claims are barred by the one-year statute of limitations, partially unexhausted and procedurally barred, and without merit. (Dkt. No. 11). Chauncey has not filed a response, and time to do so has expired.

---

[1] The previously named respondent in this action was Lorie Davis. In August 2020, Bobby Lumpkin succeeded Davis as Director of the Texas Department of Criminal Justice – Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Lumpkin is automatically substituted as a party.

Based on careful consideration of the pleadings, the motion, the record, and the applicable law, the Court grants the respondent's motion and, by separate order, enters final judgment. The reasons are explained below.

## I. Procedural Background and Claims

On October 15, 2013, Chauncey was convicted of felony murder and sentenced to a 37-year prison term in Harris County, Texas (Cause No. 1365315). The Fourteenth Court of Appeals of Texas affirmed Chauncey's conviction and sentence on direct appeal. *Chauncey v. State*, No. 14-13-00950-CR, 2015 WL 3982858 (Tex. App.—Houston [14th Dist.] June 30, 2015). The Texas Court of Criminal Appeals refused Chauncey's petition for discretionary review. *Chauncey v. State*, No. PD-985-15 (Tex. Crim. App. Oct. 14, 2015). Chauncey did not seek further direct review. (Dkt. No. 1, at 3).

In February 2017, Chauncey filed his first state habeas application under Article 11.07 of the Texas Code of Criminal Procedure, challenging his conviction. *Ex parte Chauncey*, Application No. WR-86,946-01. In September 2017, the Court of Criminal Appeals denied the application, without a written order or hearing, on the findings of the trial court. *Id.* While his first application was still pending, Chauncey filed a second state habeas application. *Ex parte Chauncey*, Application No. WR-86,946-02. The Court of Criminal Appeals denied the second application, without a written order, in May 2019. *Id.*

Chauncey filed this federal petition in July 2019, alleging the following grounds for relief:

1. He received ineffective assistance of trial counsel because counsel failed to request a jury instruction on involuntary manslaughter.

> 2. He received ineffective assistance of appellate counsel because counsel failed to argue: 1) that trial counsel was ineffective for not using Chauncey's mental state at the time of the offense as a defense; and 2) that the State failed to prove Chauncey had the requisite mens rea to commit murder.
>
> 3. The trial court erred when it admitted autopsy photographs of the victim into evidence.
>
> 4. The trial court erred when it admitted photographs of the injured driver who was not the victim in the criminal case against Chauncey.
>
> 5. The prosecutor committed misconduct by commenting on whether Chauncey passed a polygraph and claiming that Chauncey faked his post-traumatic stress syndrome.

(Dkt. No. 1, at 6–8; Dkt. No. 2).

The threshold issue is whether Chauncey filed his petition too late to permit consideration of his claims.

## II. Factual Background

The intermediate state court of appeals set forth the following statement of facts in its opinion affirming Chauncey's conviction.

> On October 19, 2012, appellant and his girlfriend, Jennifer Jenkins, were shoplifting at various stores in Baytown, Texas. At 9:03 p.m., police officers were dispatched to the San Jacinto Mall because a caller reported that there was a possible theft at Sears. The caller observed two suspects steal merchandise from Sears and travel to Academy. Police officers arrived at Academy and Detective Scott Vice entered the store to look for the two suspects. Detective Vice observed Jenkins gathering merchandise and taking it into a dressing room. Appellant exited the store by himself and walked to his Ford F–150 truck parked outside in the parking lot. Appellant began slowly driving around searching for police vehicles and made several loops around the parking lot. He then pulled up to the exit doors of Academy, flashed his lights, and Jenkins exited the store. At that time, undercover officers in unmarked vehicles surrounded appellant's truck. Appellant reversed his truck into one of the officer's vehicles and pushed it back so that he could escape. The officers immediately exited their vehicles and drew

their weapons. Appellant drove around the officers, peeled through the parking lot, jumped the curb, and ploughed through a ditch.

Marked patrol cars began pursuing appellant and Jenkins on Garth Road for several miles. The police deployed a spike strip across the road to deflate appellant's tires and stop his truck. Appellant then struck a Ford Focus at the intersection of Garth Road and Rollingbrook. The Ford Focus was stopped at the intersection, waiting for a red light to change. An accident reconstructionist testified that appellant was traveling between 79 and 97 miles per hour when he hit the Ford Focus. Shay Hollingshead was the driver of the Ford Focus and the complainant, Shawn Williams, was in the passenger seat.

Both vehicles immediately burst into flames. Appellant and Jenkins jumped out of the truck and ran, but were quickly apprehended by the police. Officers and bystanders pulled Hollingshead out of the driver's seat but because of the flames, they did not see that the complainant was in the passenger seat. Hollingshead was transported to a hospital to be treated for extensive injuries from the collision. The complainant was killed instantly upon impact.

Appellant was indicted for felony murder. Appellant pleaded not guilty. The case proceeded to trial and the jury rendered a guilty verdict on October 15, 2013. The jury assessed punishment at thirty-seven years in prison.

*Chauncey*, 2015 WL 3982858, at *1.

### III. The Legal Standard

Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.") (citation omitted). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus

cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (citations omitted); *Anderson*, 477 U.S. at 254. The Court applies general summary judgment standards to the extent they do not conflict with the AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Chauncey is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). The Court broadly interprets Chauncey's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

## IV. The One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because Chauncey challenges a state-court conviction, the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Chauncey's conviction became final on January 12, 2016, when his time to file a petition for a writ of certiorari with the Supreme Court expired. *See* Sup. Ct. R. 13.1 (petition for writ of certiorari is timely filed 90 days after entry of judgment). The limitations period expired one year later on January 12, 2017. Chauncey did not file his federal petition until July 15, 2019. A merits review of Chauncey's grounds for relief is therefore barred unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending is not counted toward the limitations period. Because Chauncey filed his first state habeas application in February 2017, after the limitations period expired, he is not entitled to tolling under this provision. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (habeas petitioner not entitled to

6

tolling under § 2244(d)(2) where state habeas application was filed after the limitations period had expired).

No other AEDPA provision applies to extend the limitations period. Chauncey does not allege facts showing that he was precluded from filing a timely federal habeas petition as the result of state action. None of his claims rely on a newly recognized constitutional right that the Supreme Court retroactively applied to cases pending on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B)–(C). Nor do any of Chauncey's proposed claims implicate a factual predicate that he did not discover earlier or could not have discovered earlier through due diligence. *Id.* § 2244(d)(1)(D).

Finally, Chauncey fails to allege any extraordinary circumstance that would warrant extending the deadline through equitable tolling. Whether to apply equitable tolling is in the district court's discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is generally warranted only when a petitioner is actively misled by the state or prevented in some extraordinary way from asserting his rights through a timely filed petition. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2000) (citation omitted). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 2009) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)), *cert. denied*, 528 U.S. 1007 (1999). The petitioner has the

7

burden of showing that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Nothing in the record suggests that the State of Texas misled Chauncey or prevented him from filing within the deadline. Nor does the record support a conclusion that Chauncey was diligent in pursuing his rights. Chauncey let more than a year pass after his conviction became final before he first sought to file a state habeas application. He then waited more than a month after the Court of Criminal Appeals denied his second state habeas application before filing his federal petition.

In his federal petition and supporting memorandum, Chauncey alleges that he is entitled to equitable tolling because he suffers from the mental impairment of "dissociation," which prevented him from preparing his petition. Chauncey further argues that an individual in prison who was assisting Chauncey with his petition falsely represented himself as a paralegal and failed to file Chauncey's legal paperwork. (*See* Dkt. No. 1, at 10; Dkt. No. 2, at 1–3).

Ignorance of the law and lack of legal assistance, even for an incarcerated individual, generally do not excuse untimely filing. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000) (ignorance of law, temporary denial of access to legal materials, lack of knowledge of filing deadlines, and inadequacies of a prison law library are insufficient to warrant equitable tolling); *Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998) (petitioner's failure to discover the significance of the operative facts does not constitute cause); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (inmate's

8

illiteracy, deafness, and lack of legal training did not excuse his failure to raise claims in first habeas application).

To the extent Chauncey claims that he was too mentally impaired or incompetent to timely file in his petition, he fails to make the necessary showing to merit equitable tolling. Although mental illness or impairment may warrant equitable tolling, a petitioner "(i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition[]." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013) (per curiam) (citing *Riva v. Ficco*, 615 F.3d 35, 40 (1st Cir. 2010) ("There must be some causal link between a petitioner's mental illness and his ability seasonably to file for habeas relief."); *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) ("[A] habeas petitioner must demonstrate that her particular disability constituted an 'extraordinary circumstance' severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so."); *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) ("[T]he alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition."); *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (same); *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled.")).

Here, Chauncey has not made a threshold showing of incompetence, offering no evidence beyond conclusory self-serving statements. Nor does he show a causal connection between his mental impairment and his failure to file a timely federal habeas

9

petition. Although the record includes evidence as to Chauncey's alleged mental health issues at the time of the offense and trial,[2] it is silent as to any ongoing mental impairment or incompetence. Absent more, Chauncey cannot show that his alleged mental impairment constitutes an extraordinary circumstance warranting equitable tolling.

Chauncey's allegations that he was misled by a fellow inmate are equally unpersuasive. A "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citation omitted). While the Fifth Circuit has found equitable tolling appropriate in limited circumstances based on counsel misleading a petitioner, those cases involved licensed attorneys, not fellow inmates, who actively misled the petitioners. *See, e.g., Vineyard v. Dretke*, 125 F. App'x 551, 552–54 (5th Cir. 2005) (petitioner's allegations that retained counsel affirmatively misled him about the status of his state-court proceedings and failed to file a § 2254 petition as promised could support equitable tolling); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (allegation that attorney deceived petitioner into believing that a timely habeas petition had been filed on his behalf could warrant equitable tolling). Chauncey does not allege, and the record does not support, a claim that he was actively misled by his attorney. Under these circumstances, Chauncey fails to show that he is entitled to equitable tolling.

---

[2] At trial, Chauncey called an expert witness to testify as to her opinion regarding his mental condition. The expert witness stated that she conducted several tests on Chauncey to form her opinion that he suffered from post-traumatic stress disorder and polysubstance dependence. *Chauncey*, 2015 WL 3982858, at *7.

10

The record discloses no other basis to extend the limitations period. Given Chauncey's lack of diligence, there is no "rare and exceptional" condition that justifies extending the filing deadline. *See Felder*, 204 F.3d at 173. His petition was filed too late to be considered on the merits. 28 U.S.C. § 2244(d).

## V.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). When relief is denied on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that jurists of reason would not debate the procedural rulings in this case or debate whether Chauncey stated a valid claim for relief. A certificate of appealability will not issue.

## VI. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment, (Dkt. No. 11), is **GRANTED**.

2. The habeas corpus petition filed by Chauncey, (Dkt. No. 1), is **DISMISSED** with prejudice as time-barred.

3. Any and all remaining pending motions are **DENIED** as moot.

4. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on September 24, 2020.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE